431 F.2d 1097
 2 Fair Empl.Prac.Cas. 1053,
2 Fair Empl.Prac.Cas. 942,
2 Empl. Prac. Dec. P 10,290,
3 Empl. Prac. Dec. P 8019
Mrs. Fannie M. SANDERS, Plaintiff-Appellant,
v.
DOBBS HOUSES, INC., Defendant-Appellee.
 No. 29029.
 United States Court of Appeals, Fifth Circuit.
 Aug. 28, 1970.
Rehearing Denied and Rehearing En Banc Denied Oct. 26, 1970.
 
 Isabel Gates Webster, Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for plaintiff-appellant.
 Richard A. Brackhahn, Memphis, Tenn., Robert B. McCord, Jr., Hapeville, Ga., for defendant-appellee.
 Before TUTTLE, DYER and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 In 1968, the Supreme Court resurrected 1 of the Civil Rights Act of 1866 (now 42 U.S.C.A. 1981 and 1982 (1970)) and held the portion of the original act which now appears as 42 U.S.C.A. 1982 barred racial discrimination by private individuals in the sale or rental of property.[1] The quickening of this statutory Lazarus necessarily revived the congressional prohibition against purely private racial discrimination in contracts of employment. This prohibition against private discriminatory practices, now codified as 42 U.S.C.A. 1981, had laid dormant in a tomb of disuse for over a century. Because the district court failed to accord 1981 its new viability, which permits the maintenance of actions arising out of purely private relationships, we reverse.
 
 
 2
 Plaintiff, Mrs. Fannie M. Sanders, was discharged by her employer Dobbs Houses, Inc. (Dobbs), the defendant, for stealing food. On March 5, 1968, she formally complained to the Equal Employment Opportunity Commission (EEOC) pursuant to Title VII of the Civil Rights Act of 1964,[2] that the charges against her had been false and that she was discharged solely because she was a Negro. On May 12, 1969, the EEOC notified plaintiff that it had been unable to obtain voluntary conciliation and advised her that she had thirty days to commence a civil action. Forty-six days later she instituted this action for an injunction, back pay and an offer of reinstatement under Title VII. Dobbs moved the court to dismiss the complaint for failure to meet the thirty-day statute of limitations.[3] Plaintiff thereupon moved the court for leave to amend her complaint to state jurisdiction under 42 U.S.C.A. 1981 and to allege that white employers in Georgia had the custom and practice of firing Negro employees after falsely accusing them of theft. The trial judge allowed the amendment, subject to objection, but dismissed the amended complaint on the grounds that the statute of limitations barred the Title VII action and the 1981 claim could not be maintained against a private employer in the absence of some element of State action.
 
 
 3
 Our finding that the complaint stated a claim on which relief could be granted may be most succinctly expounded by answering three well-defined, dispositive questions:
 
 
 4
 1. Can a plaintiff state a claim against a private employer under 42 U.S.C.A. 1981?
 
 
 5
 2. Do the specific remedies fashioned by Congress in Title VII of the Civil Rights Act of 1964 preempt the general remedial language of 42 U.S.C.A. 1981?
 
 
 6
 3. Are damages recoverable under 42 U.S.C.A. 1981?
 
 
 7
 I. RIGHTS AGAINST A PRIVATE EMPLOYER UNDER 1981.
 
 
 8
 In Waters v. Wisconsin Steel Works, etc., 427 F.2d 476 (7th Cir. April 28, 1970), the Seventh Circuit recently held that 1981[4] prohibits 'private racial discrimination in employment by companies and unions.' Such a conclusion was clearly forecast by the Supreme Court's opinion in Jones v. Alfred Meyer Co., supra, n. 1. In Jones the Court held that 42 U.S.C.A. 1982[5] prohibited 'all racial discrimination, private as well as public, in the sale or rental of property. * * *' The Seventh Circuit reasoned that since 1981 and 1982 are both derived from 1 of the Civil Rights Act of 1866,[6] they must be construed consistently and that since 1982 is enforceable against private entities, 1981 is similarly enforceable. We agree.
 
 
 9
 The contentions of Dobbs to the contrary are without merit. First, it argues that problems arising out of the Civil Rights Act have been associated with the Fourteenth Amendment of the Constitution of the United States,[7] which would demand State action as a prerequisite to jurisdiction. This argument was devitalized in Jones where the Court stated:
 
 
 10
 'It is quite true that some members of Congress supported the Fourteenth Amendment 'in order to eliminate doubt as to the constitutional validity of the Civil Rights Act as applied to the States.' Hurd v. Hodge, 334 U.S. 24, 32-33, 68 S.Ct. 847, 852, 92 L.Ed. 1187. But it certainly does not follow that the adoption of the Fourteenth Amendment or the subsequent re-adoption of the Civil Rights Act were meant somehow to limit its application to state action.' 392 U.S. at 436, 88 S.Ct. at 2201.
 
 
 11
 The second contention of Dobbs-- that Jones is distinguishable since it was foreshadowed by a long line of cases forbidding racial discrimination in the sale of real property-- is equally without merit. The defendants in Waters made the same unfounded contention, provoking the following judicial reply: 'If, by foreshadowing, the defendants mean that the State action concept has sometimes been employed in a flexible fashion to achieve just results, the cases upon which they rely foreshadow the demise of the requirement of State action under 1981 as well. Furthermore, it is mistaken to suggest that courts have not used similar means to circumvent the requirement of State action in the area of employment contracts: See Steele v. Louisville & Nashville R.R. Co., 323 U.S. 192, 198-199, 65 S.Ct. 226, 89 L.Ed. 173 (1944).' 427 F.2d at 483. We would only note further that defendant's concern that this decision is unprecedented is much too myopic. The result in this case is both predicted and required by Jones.
 
 
 12
 II. PREEMPTION: REPEAL BY IMPLICATION.
 
 
 13
 Dobbs vigorously contends that Title VII of the Civil Rights Act of 1964 preempted the general remedial language of 42 U.S.C.A. 1981, so that a cause of action can no longer exist thereunder. Since there is no language in Title VII that can remotely be construed as directly repealing 1981, the only means of repeal through preemption would be by implication. Repeals by implication, however, are not favored and 'the intention of the legislature must be clear and manifest * * *' Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). See, e.g. Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963).
 
 
 14
 In Waters the Seventh Circuit was faced with the same contention and held that 'a right to sue under 1981 for 'private' racial discrimination in employment existed prior to 1964. By enacting Title VII of the 1964 Civil Rights Act, Congress did not repeal this right to sue.' 427 F.2d at 481. This interpretation also finds support by analogy in Jones where the Court ruled that Title VIII of the Civil Rights Act of 1968 did not repeal 1982 by implication. Moreover, in Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 237, 90 S.Ct. 400, 405, 24 L.Ed.2d 386, 393 (1970), the Court stated:
 
 
 15
 'We noted in Jones v. Alfred H. Mayer Co., that the Fair Housing Act of 1968, 82 Stat. 81, in no way impaired the sanction of 1982. 392 U.S., at 413-417, 88 S.Ct. at 2189-2192. What we said there is adequate to dispose of the suggestion that the Public Accommodations provision of the Civil Rights Act of 1964, 78 Stat. 243, in some way supersedes the provisions of the 1866 Act. For the hierarchy of administrative machinery provided by the 1964 Act is not at war with the principles embodied in 1982.'
 
 
 16
 So too, the equal employment provisions of the same Civil Rights Act of 1964 do not supersede the provisions of 1981, which had its origins in the very same section of the Civil Rights Act of 1866 as did 1982. Consistent with this reasoning, we have previously held that the enactment of Title VII did not repeal redundant remedies before the National Labor Relations Board.[8]
 
 
 17
 Furthermore, occurrences within the Congress culminating in the passage of Title VII strongly support the conclusion that it was not intended to supersede existing remedies. Congress rejected by more than a two-to-one margin Senator Tower's amendment that would have made Title VII the exclusive federal remedy for employment discrimination.[9]
 
 
 18
 Thus we conclude that the specific remedies fashioned by Congress in Title VII were not intended to preempt the general remedial language of 1981. Dobbs has not complained of any specific area of irreconcilable conflict between the laws. The wide time differences provided by the statute of limitations applicable to actions under the two acts are not irreconcilable when the detailed time-consuming investigatory and conciliatory procedures to be pursued by EEOC are considered. See Waters v. Wisconsin Steel Works, etc., supra, 427 F.2d at 488.
 
 
 19
 III. RELIEF UNDER 1981: A RIGHT WITHOUT A REMEDY?
 
 
 20
 This question is most readily answered by reference to this Court's recent opinion in Mizell v. North Broward Hospital District, 427 F.2d 468 (5th Cir. 1970), which reversed a trial court holding that a damage suit cannot be predicated upon 1981 with the following rationale:
 
 
 21
 'Jones v. Alfred H. Mayer Co., of course, dealt with section 1982, which, so far as is here pertinent, is precisely like 1981 in that it makes no provision for 'civil damages or any other form of civil relief.' * * * We can see no conceivable difference between the language of Section 1982 and Section 1981 that would justify our affirming the decision by the trial court here that 'a damage suit cannot be predicated upon Section 1981.' Nor, for that matter, can it be held that there is no right to injunctive relief.'
 
 
 22
 See Sullivan v. Little Hunting Park, Inc., supra.
 
 
 23
 The amended complaint stated a cause of action sufficient to withstand the motion to dismiss.
 
 
 24
 Reversed and remanded.
 
 
 25
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 26
 The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). The Court agreed with the Attorney General of the United States, who in oral argument asserted: 'The fact that the statute lay partially dormant for many years cannot be held to diminish its force today.' 392 U.S. at 437, 88 S.Ct. at 2202
 
 
 [2]
 42 U.S.C.A. 2000e-- 5 (1970)
 
 
 [3]
 42 U.S.C.A. 2000e-- 5(e) (1970)
 
 
 [4]
 1981 provides:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 
 
 [5]
 1982 provides:
 'All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.'
 
 
 [6]
 Section 1 of the Civil Rights Act of 1866 provided:
 Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That all persons born in the United States and not subject to any foreign power, * * * are hereby declared to be citizens of the United States; and such citizens, of every race and color, without regard to any previous condition of slavery or involuntary servitude * * * shall have the same right, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey real and personal property, and to full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishment, pains, and penalties, and to none other, any law, statute, ordinance, regulation, or custom, to the contrary notwithstanding.
 
 
 [7]
 Subsequent to oral argument in this case, the Supreme Court decided Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Because the case distinguished Jones and found a prerequisite of State action, we requested additional comments from counsel of both parties to this suit. From our examination of this opinion and these comments, it is clear that Adickes only dealt with an action based upon 42 U.S.C.A. 1983 and that the mutual genesis of 1981 and 1982 was chronologically and conceptionally separated from 1983
 
 
 [8]
 Local Union No. 12, United Rubber, Cork, Linoleum & Plastic Workers v. NLRB, 368 F.2d 12 (5 Cir. 1966)
 
 
 [9]
 110 Cong.Rec. 13650-52 (1964)