Robert **CALDWELL** et al., Plaintiffs-Appellants,

v.

The **NATIONAL BREWING COMPANY** and Brewery Workers Local Union No. 185, Defendants-Appellees.

No. 31054.

United States Court of Appeals, Fifth Circuit.

June 15, 1971.

Jon D. Caminez, Miami, Fla., for plaintiffs-appellants, Bennett H. Brummer, Legal Services Program, Inc., Miami, Fla., of counsel.

Stanley P. Hebert, Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, Lutz Alexander Prager, Marian Halley, Attys., Equal Employment Opportunity Commission, Washington, D. C., amici curiae.

Kovner, Mannheimer, Greenfield & Cutler, Alan E. Greenfield, Miami, Fla., for Brewery Workers Local Union No. 185.

Dixon, Bradford, William, McKay & Kimbrell, P. A., Joseph W. Womack, Joseph F. Jennings, Miami, Fla., for National Brewing Co.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from the dismissal of a complaint charging discrimination with respect to employment. Plaintiff is a Negro who was allegedly discharged by defendant Brewing Company because of his complaints regarding discriminatory employment practices based on race. Defendant union has a collective bargaining agreement with the employer and allegedly participated with the employer in the discriminatory practices.

Plaintiff filed suit charging violations of 42 U.S.C.A., § 1981.[1] It is undisputed that no charge was filed with the Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964,[2] and that plaintiff intentionally bypassed the Commission. The district court considered of paramount importance the conciliatory policy embodied in the procedures of Title VII, and held in granting defendants' motion to dismiss that a person may sue directly under § 1981 only if he pleads a reasonable excuse for his failure to exhaust E.E.O.C. remedies. Private efforts by plaintiff to conciliate the complaints were held to be insufficient to constitute such reasonable excuse. We reverse.

The question on appeal is whether plaintiff may intentionally bypass the E.E.O.C. and seek an independent remedy for employment discrimination under 42 U.S.C.A. § 1981.

This question is partially answered by our decision in Sanders v. Dobbs Houses, Inc., 5 Cir., 1970, 431 F.2d 1097. In that case we held that pursuant to Jones v. Alfred Mayer Co., 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189, § 1981 the maintenance of actions arising out of purely private relationships is permitted. The plaintiff there, after utilizing the procedures of Title VII, filed her action in district court 16 days late. Defendants moved to dismiss the complaint for failure to meet the 30 day statute of limitations (42 U.S.C.A. § 2000e-5(e)), and plaintiff amended her complaint to state jurisdiction under § 1981. The district court dismissed the complaint, and we reversed. In so doing, we were faced with the contention that Title VII preempted the § 1981 remedy, and that Congress had impliedly repealed § 1981 by setting up elaborate administrative machinery for the conciliation of such disputes as the present Congressional policy. We concluded that the specific remedies fashioned by Congress in Title VII were not intended to preempt the general remedy provided under § 1981 and that relief by way of damages and injunction was available under § 1981.

The Sanders case does not hold that the two remedies are absolutely independent of each other. No such issue was involved. The plaintiff there had exhausted the administrative procedures of the E.E.O.C. Here, however, the issue is squarely presented for plaintiff has chosen not to avail himself of the remedies afforded under Title VII.

The district court was persuaded to the view that the Title VII and § 1981 remedies should be reconciled by requiring exhaustion of administrative remedies under Title VII as a prerequisite to utilizing the § 1981 remedy, absent a showing of good reason for bypassing the E.E.O.C. The court reasoned that this rule necessarily followed from the strong emphasis that Congress had placed in Title VII on the administrative conciliation of such discriminatory employment practices as are in issue here.

Meanwhile, and subsequent to Sanders, our court has rendered two decisions which have some bearing on the question presented. In Beverly v. Lone Star Lead Construction Corporation, 5 Cir., 1971, 437 F.2d 1136, we held that the jurisdiction of the district court under Title VII was not defeated by a finding of the E.E.O.C. that no reasonable cause existed to believe that a viola-

---

1. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens * * *."

2. 42 U.S.C.A. § 2000e-5.

tion of the statute had occurred. Although concerned only with jurisdiction under Title VII, the court took note of the existence of the additional remedy for discriminatory practices based on § 1981. 437 F.2d at 1140–1141, fn. 22. *Sanders* was treated as having followed *Waters v. Wisconsin Steel Works of International Harvester Company*, 7 Cir., 1970, 427 F.2d 476. There were two holdings in *Waters*: (1) that § 1981 was not repealed by Title VII and (2) that a § 1981 plaintiff must first exhaust his Title VII remedies or plead a reasonable excuse for failure to do so. *Sanders* followed the first of these holdings but not the second. Neither of the two issues was involved in the *Beverly* case and thus the second issue is open in this circuit. (The district court below followed *Waters* on the second issue.)

The other case of some pertinency is *Boudreaux v. Baton Rouge Marine Contracting Company*, 5 Cir., 1971, 437 F.2d 1011. One of the issues there was the standing of plaintiff to sue under Title VII when the plaintiff had not been the subject of discriminatory treatment within 90 days prior to filing his claim with the E.E.O.C. The other issue and the one applicable here was whether plaintiff had stated a cause of action under § 1981, relying on the *Sanders* case. In footnote 15, the court pointed to the *Waters* decision and stated that, if applicable, appellant had met the "reasonable excuse" test thereunder for failure to proceed by way of the Title VII remedy. Here again, as in *Sanders*, no such issue was involved. *Boudreaux* had exhausted his E.E.O.C. remedies and the decision as to the § 1981 issue turned on whether a cause of action had been stated under § 1981.

■ We thus are faced with the fact that we have not ruled on the question whether the E.E.O.C. administrative remedies under Title VII of the Act can be deliberately bypassed by a § 1981 plaintiff. The Third Circuit recently considered this question in *Young v. International Telephone & Telegraph Co.*, 3 Cir., 1971, 438 F.2d 757, a case involving facts virtually identical to those in the case at bar. The holding was that nothing in Title VII either expressedly or impliedly imposes any jurisdictional barrier to a suit brought under § 1981. Pointing to the differences in the scope of the remedies afforded under Title VII and § 1981, such as the applicable statutes of limitations and the provision for appointment of counsel and the award of attorney's fees under Title VII (§ 2000e–5(e) (k)), the Third Circuit concluded that appellant has an independent remedy under § 1981 without respect to exhaustion under Title VII. We agree.

■ In reversing and remanding this case to the district court, we recommend to the district court the procedures set out in *Young* so as to accord due regard to the conciliatory policy which is at the heart of Title VII while at the same time preserving the full remedy of § 1981. The Third Circuit pointed to the provision in Title VII giving the district court power to stay any relief until the conciliatory procedures of Title VII are carried out (§ 2000e–5(e)). Also, it was noted, conciliation efforts might better go forward in some circumstances while a preliminary injunction preserves the status quo for the aggrieved employee. And finally, we call the district court's attention to 42 U.S.C.A. § 2000e–4(f) (4), giving the E.E.O.C. the power to "assist" the parties in the conciliatory process. The Third Circuit regards this power as exercisable even during the pendency of a § 1981 lawsuit. We also agree with this. Such an approach melds the Title VII policy into the § 1981 remedy.

Reversed and remanded for further proceedings not inconsistent herewith.