**Mamie R. HENDERSON, Plaintiff,**

v.

**FIRST NATIONAL BANK OF MONT-GOMERY, Defendant.**

Civ. A. No. 3592-N.

United States District Court,
M. D. Alabama, N. D.

May 29, 1972.

**1374**

J. Richmond Pearson, Birmingham, Ala., for plaintiff.

M. R. Nachman, Jr., Montgomery, Ala. (Steiner, Crum & Baker), Montgomery, Ala., for defendant.

### ORDER

JOHNSON, Chief Judge.

Plaintiff sought a position as an employee at the defendant bank. In due course she was given a teller's examination and, according to the bank, was not offered employment because of her poor score. Upon the defendant's refusal to hire her, plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging that she had been denied employment because of racial discrimination. After investigation and apparently unsuccessful efforts at conciliation, the EEOC notified plaintiff that she could file a civil suit pursuant to the Civil Rights Act of 1964, 42 U.S. C. § 2000e–5 et seq. Plaintiff thus initiated this action seeking relief for herself and all others similarly situated. Her original complaint claimed a cause of action under 42 U.S.C. § 2000e–5(e) and alleged jurisdiction in this Court pursuant to 28 U.S.C. § 1343. Plaintiff later amended her complaint by adding a second cause of action under 42 U.S.C. § 1981.

The bank has filed a motion to dismiss which in essence rests on three grounds: (1) failure to meet the time requirements of the Civil Rights Act of 1964, (2) failure to exhaust administrative remedies and (3) failure to allege a proper class action. The bank has also filed the supporting affidavit of its executive vice president which states that plaintiff was not employed because she did very poorly on the bank's aptitude test and not because of race. At oral argument of this motion, the bank also raised the defense that the statute of limitations had run on plaintiff's Section 1981 claim before the filing of the complaint.

■ A key question in this motion to dismiss is whether plaintiff tolled the 90-day time limit within which 42 U.S.C. § 2000e–5(d) prescribes that a charge must be filed with the EEOC. It is uncontroverted that plaintiff first applied to the bank in October, 1969. The vice president's affidavit says that she was give the aptitude test on October 30 and that she was informed of the test results and the decision not to hire within two or three weeks. In no event could plaintiff have been so informed later than December 31, 1969, since defendant's affidavit alleges that the person responsible for testing plaintiff left the defendant's employ on that date. The complaint alleges that plaintiff filed her charge with the EEOC on April 2, 1970. If the bank's affidavit correctly states the facts, then the alleged discrimination took place at least 92 days before the filing of the charge.

■ Plaintiff has submitted a counter-affidavit in which she states that

she did not learn of the decision not to hire until February of 1970. Since factual disputes are to be resolved in favor of the plaintiff upon a motion to dismiss, the Court for the present accepts plaintiff's rendition of the facts and finds that this ground of the motion to dismiss is due to be denied. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 172, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); Cooper v. Pate, 378 U.S. 546, 87 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

Even if plaintiff admitted that she did not contact the EEOC until after 90 days had elapsed, this Court would not be inclined to dismiss the complaint. It appears that the essence of plaintiff's case is not some isolated, static incident but the bank's practice of employing an aptitude test which she alleges discriminates against racial minorities. The alleged wrong which plaintiff seeks to remedy is continuous in nature which is exemplified by the fact that she brought this case as a class action. The examination which was administered to plaintiff is given to each prospective employee and apparently is still in use today.

■ The Fifth Circuit has quite recently held that a discriminatory employment practice may be a continuing act. In Belt v. Johnson Motor Lines, Inc., 458 F.2d 443 (5th Cir. 1972), the court said:

> We cannot agree with the district court that a discriminatory labor practice may not be a continuing act. To so hold on the facts of this case would permit discriminatory acts to go unrebuked, a construction far too restrictive and alien to the liberal construction we have previously given the Civil Rights Act of 1964. (Citations omitted.) Where the complainant has made recourse to the EEOC and the EEOC has attempted to obtain voluntary compliance, there is no reason to lock the courthouse door to his claim solely because he has alleged a contemporary course of conduct as an act of discrimination.

The clear conclusion is that a labor practice may be a continuing wrong and that the 90-day period would be no bar to this sort of civil suit. The Seventh Circuit has recently reached the same result. Bartmess v. Drewrys U.S.A., Inc., 444 F.2d 1186 (7th Cir.), cert. denied, 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971).

■ The defendant has argued that these cases dealing with the notion of a continuing wrong have involved an existing employment relationship. This Court concludes that a distinction based upon whether the challenged practice affects potential employees or only actual employees is wholly unsound and has no relation to whether the practice is one which continues over a period of time.

As a final point on this issue, it is well to note that defendant's contention that the 90-day requirement of 42 U.S.C. § 2000e–5(d) is jurisdictional does not accurately reflect the state of the law in this circuit. In *Belt*, supra, the Fifth Circuit noted in passing:

> This court's decisions in *Culpepper* and *Boudreaux* left undecided the issue of whether the ninety day charge requirement of 42 U.S.C. § 2000e–5 was a jurisdictional prerequisite to suit. In *Culpepper* [v. Reynolds Metals Co.], 421 F.2d 888 at 891, the court, by way of dictum, intimated that the ninety day requirement was a jurisdictional prerequisite to a Title VII suit. Judge Wilkey, writing for the court in *Boudreaux* [v. Baton Rouge Marine Contracting Co.] 437 F.2d 1011, 1014–15, n. 6, raised a substantial question as to the soundness of the *Culpepper* dicta, but having an alternative ground for the decision of the court, the panel declined to decide for the first time whether the ninety day filing requirement was indeed a jurisdictional prerequisite.

This case makes certain that the issue of whether the requirement is jurisdictional is an open question.

■ Defendant also argues that plaintiff has failed to exhaust necessary

administrative remedies. The gist of this argument appears to be that plaintiff's suit against the bank is of broader scope than the field investigation of the EEOC. As defendant itself points out, however, the main thrust of the plaintiff's complaint is that the aptitude test has not been validated to determine its impact on minority groups nor its relation to job performance. The EEOC report attached to plaintiff's brief indicates that the agency at least investigated the facts concerning defendant's testing program. In addition, the EEOC letter to plaintiff advising her that she could commence a civil suit if she so desired does not in any way limit the scope of her potential suit. Since plaintiff was subjected to the testing procedure and since the agency has had an opportunity to examine this program, the argument of exhaustion is not persuasive.

Nor is defendant's contention concerning plaintiff's standing meritorious. The thrust of this argument rests on the earlier contention that plaintiff's action is barred by the 90-day requirement of 42 U.S.C. § 2000e–5(d). Defendant argues that since plaintiff should be barred from suit, she necessarily could not represent a class. Inasmuch as this Court has upheld the propriety of plaintiff's case, the basis of the argument that a class action may not be maintained is vitiated.

■ Defendant's final basis for dismissal is that, at least as to the claim based upon 42 U.S.C. § 1981, the claim was filed too late. As defendant pointed out at oral argument, litigation commenced under Section 1981 has no specific statute of limitations. The limitation period is the analogous period which would be enforced for a similar action brought in state court. Waters v. Wisconsin Steel Works, 427 F.2d 476, 488 (7th Cir. 1970); Lazard v. Boeing Co., 322 F.Supp. 343, 345 (E.D.La.1971). Accordingly, Alabama law controls.

As the court noted in the *Lazard* case which was, as this case, brought under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e,

the cause of action is one for discrimination. The most closely analogous case is Johnson v. Yeilding, 165 F.Supp. 76 (N.D.Ala.1958). The plaintiff brought an action against members of the county personnel board charging a deprivation of equal protection because the defendants refused to allow plaintiff to take a patrolman's examination solely because of his race. The court noted that jurisdiction was premised in 42 U.S.C. § 1981 and concluded that the suit was essentially an action at law which was governed by the general one-year statute of limitations of Title 7, Alabama Code § 26. From this authority, it appears that plaintiff's claim under Section 1981 is governed by the one-year period.

Plaintiff did not file her amendment which added the claim under Section 1981 until March 31, 1972. Thus, it is clear that about two years had elapsed since the bank refused to hire plaintiff. Defendant contends that since the general one-year provision applies, plaintiff's claim under Section 1981 is barred.

Implicit in defendant's argument that the Section 1981 claim is barred is the assumption that plaintiff could have commenced an action upon that claim as soon as the bank informed her of the decision not to hire. A quite recent Fifth Circuit case lends support to this view. In Caldwell v. National Brewing Co., 443 F.2d 1044 (5th Cir. 1971), cert. denied, 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785 (1972), the plaintiff initiated his suit under Section 1981 without in any way triggering action under Title VII. The court held that exhaustion of the administrative remedies of Title VII is not a prerequisite to a suit based upon Section 1981.

A difficulty which dilutes substantially the persuasiveness of defendant's position is the recent vintage of the *Caldwell* case. The decision was rendered on June 15, 1971, and was not presaged by other opinions of the circuit. The district court had followed the rule of the Seventh Circuit that Title VII could not be bypassed without "reasonable excuse." See Waters v. Wisconsin Steel Work-

ers, 427 F.2d 476 (7th Cir. 1970). The *Caldwell* court chose instead to follow the Third Circuit case of Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3d Cir. 1971) which was decided on February 11, 1971.

■ Thus, in February, 1970, when plaintiff learned of her failure to gain employment, no circuit had yet ruled on whether she was entitled to initiate a Section 1981 action without first exhausting Title VII remedies. The first circuit to examine the issue concluded that the EEOC could be bypassed only upon "reasonable excuse." The Fifth Circuit decision was not rendered until 16 months after the alleged discrimination. On the basis of this chronology it is unreasonable to expect this plaintiff to have foreseen what course the Fifth Circuit would take; to apply the one-year statute of limitations would be inequitable since plaintiff followed the procedure accepted at that time. Because she filed her claim under Section 1981 within one year of the time when a separate suit was held to be available, she is not barred by the statute of limitations.

Even if *Caldwell* had been the law of this circuit in February, 1970, this Court would be disinclined to dismiss the Section 1981 claim. According to defendant's argument, in order for the plaintiff to preserve both claims, she would have had to commence two separate prosecutions when she was informed that she would not be hired. She would have had to file a charge with the EEOC and a lawsuit under Section 1981. Certainly this sort of prosecutorial redundancy is not what Congress intended. Congress has provided several methods for the vindication of claims of racial discrimination. Allowing defendant to parry plaintiff's effort for redress via litigation with the latter's prior attempt at administrative relief is simply contrary to our national commitment to end racial discrimination.

■ Particularly because the actions under Sections 1981 and 2000e are similar in scope and purpose, it is reasonable to conclude that initiation of administrative procedures under Section 2000e postpones the statute of limitations applicable to Section 1981. A plaintiff who chooses to invoke the assistance of the EEOC does not need to bring simultaneously a suit in federal court under Section 1981. Rather, if, as occurred here, the EEOC is unable to accomplish resolution by mediation, then the statute of limitations of a plaintiff's claim under Section 1981 begins to run upon receipt of the notice of the right to sue. The defendant suffers no hardship since he is placed on notice by the administrative action that plaintiff intends to pursue the claim of discrimination. There is neither surprise nor the dredging up of a stale claim, and duplicate adjudication is avoided.

Accordingly, it is the order, judgment and decree of this Court that defendant's motion to dismiss be and the same is hereby denied.