Noel McMILLER et al.,

v.

BIRD & SON, INC., and Local 685 of the United Papermakers and Paperworkers, AFL–CIO.

Civ. A. No. 18881.

United States District Court,
W. D. Louisiana,
Shreveport Division.

May 16, 1974.

Henry C. Walker, Shreveport, La., Elie, Sobol, Strickler & Dennis, New Orleans, La., for plaintiffs.

Herschel E. Richard, Jr., Cook, Clark, Egan, Yancey & King, Shreveport, La., for defendants Bird & Son, Inc.

James E. Youngdahl, Youngdahl, Huckabay & Larrison, Little Rock, Ark., for Local 685.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

DAWKINS, Senior District Judge.

This purported class action was instituted by plaintiffs in their own behalf and that of other black employees of their employer, Bird & Son, Inc., at its Shreveport plant, seeking redress under 42 U.S.C. § 1981 for alleged employment discrimination based upon race. They allege, *inter alia*, that defendant discharged them from its employ because of their race.

Noel McMiller's claim arises out of his discharge from employment at the Bird plant October 5, 1972, for an alleged unexcused absence. A grievance was filed for him by the local union, protesting the discharge, and an arbitration proceeding was initiated pursuant to the collective bargaining agreement in effect between the local and defendant. The arbitrator concluded that defendant had just cause to discharge McMiller, and that his testimony was unworthy of belief.

Defendant now, upon the basis of the arbitrator's ruling, has moved for partial summary judgment as to McMiller's claim, contending that there is no genuine issue as to any material fact and that it is entitled to a judgment, as a matter of law, dismissing the action as to him. Rule 56, F.R.Civ.P.

We reject this contention because the primary question in dispute here—racial discrimination—was not presented at the arbitration proceeding. Consequently, there exists at least *that* genuine issue as to material fact. But our task does not end there inasmuch as defendant has raised salient questions as to whether national policy favoring arbitration 1) precludes our consideration of a § 1981 action arising out of an occurrence that has been submitted to binding arbitration, and 2) if not, the extent to which we may reconsider issues already settled by arbitration.

The policy favoring arbitration was enunciated by the Supreme Court in the *Steelworkers' Trilogy* [1] where it said:

"The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960).

Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir., 1970), followed by Alexander v. Gardner-Denver Co., 466 F.2d 1209 (10th Cir., 1972), held that this arbitration policy requires dismissal of an employment discrimination action under Chapter VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, where the grievance already has been adjudicated finally by arbitration. *Dewey* held:

". . . Any other construction would bring about the result present in the instant case, namely, that the employer, but not the employee, is bound by the arbitration.

"This result could sound the death knell to arbitration of labor disputes, which has been so usefully employed in their settlement. Employers would not be inclined to agree to arbitration clauses in collective bargaining agreements if they provide only a one-way street, *i. e.*, that the awards are binding on them but not on their employees.

"The tremendous increase in civil rights litigation leads one to the belief that the Act will be used more fre-

1. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) ; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

quently in labor disputes. Such use ought not to destroy the efficacy of arbitration." 429 F.2d 332

This view recently was rejected by the Supreme Court, however, when it reversed the Tenth Circuit in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S. Ct. 1011, 39 L.Ed.2d 147 (February 19, 1974), holding that, in an action brought under Chapter VII of the 1964 Civil Rights Act, national policy condemning discriminatory employment practices requires an exception to the rule of arbitral finality. After reviewing in detail all history of arbitration and employment discrimination, the Court said:

> "We think, therefore, that the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-

bargaining agreement and his cause of action under Title VII. The federal court should consider the employee's claim *de novo*. The arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate.[21] "[2]

■ In light of this most recent pronouncement by the Supreme Court, we. find no-valid reason for applying a different rule here merely because this "employment discrimination" action was brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981, instead of Chapter VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

■ It is settled that the specific remedies fashioned by Congress in Chapter VII were not intended to preempt or repeal the general rights granted by § 1981,[3] and that § 1981 in a sense is a parallel prohibition against racial discrimination in private employment.[4]

---

2. "21. We adopt no standards as to the weight to be accorded an arbitral decision, since this must be determined in the court's discretion with regard to the facts and circumstances of each case. Relevant factors include the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedure fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators. Where an arbitral determination gives full consideration to an employee's Title VII rights, a court may properly accord it great weight. This is especially true where the issue is solely one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record. But courts should ever be mindful that Congress, in enacting Title VII, thought it necessary to provide a judicial forum for the ultimate resolution of discriminatory employment claims. It is the duty of courts to assure the full availability of this forum."

3. 42 U.S.C. § 1981:
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

4. *See, e. g.,* Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973); Payne v. Ford Motor Co., 461 F.2d 1107 (8th Cir., 1972); Brady v. Bristol-Meyers, Inc., 459 F.2d 621 (8th Cir., 1972); Brown v. Gaston County Dyeing Machine Co., 457 F.2d 1377 (4th Cir., 1972); Hackett v. McGuire Brothers, Inc., 445 F.2d 442 (3rd Cir., 1971); Caldwell v. National Brewing Co., 443 F.2d 1044 (5th Cir., 1971); Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir., 1971); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir., 1971); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir., 1970), cert. denied, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971); Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476 (7th Cir., 1970), cert. denied, United Order of American Bricklayers and Stone Masons, Local 21 v. Waters, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970). In most circuits, the plaintiff need not exhaust his remedies under Chapter VII prior to instituting a § 1981 action. Caldwell v. National Brewing Co., 443 F.2d 1044 (5th Cir., 1971), cert. den. 405 U.S. 916, 92 S.Ct. 931, 30 L. Ed.2d 785. Accord, Young v. International

National policy proscribing racial discrimination in employment is reflected just as strongly in § 1981 as in Chapter VII, which merely is an "up-date" of § 1981. Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir., 1971). This was recognized in Hackett v. McGuire Brothers, Inc., 445 F.2d 442, 446 (3rd Cir., 1971), and Page v. Curtiss-Wright Corporation, 332 F.Supp. 1060, 1068 (D.N.J., 1971), which held:

> "The national public policy reflected both in Title VII of the Civil Rights Act of 1964 and in § 1981 may not be frustrated by the development of overly technical judicial doctrines of standing or election of remedies."

This view further is buttressed by the recommendation to the District Court made by the Fifth Circuit in Caldwell v. National Brewing Co., 443 F.2d 1044, 1046 (5th Cir., 1971), cert. den. 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785, that the procedures set out in Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir., 1971), be followed ". . . so as to accord due regard to the conciliatory policy which is at the heart of Title VII while at the same time preserving the full remedy of § 1981." This allows District Courts to exercise certain Chapter VII powers, in staying any relief until the conciliatory procedures (42 U.S.C. § 2000e–5(e)) of that chapter are carried out during a pending § 1981 action and, as stated by the Court, ". . . melds the Title VII policy into the § 1981 remedy." *Id.*

We hold, therefore, that the rule announced by the Supreme Court in Alexander v. Gardner-Denver Company equally is applicable in this § 1981 action. Hence, defendant's motion for partial summary judgment hereby is denied.

■ Nevertheless, following the Fifth Circuit's direction in *Caldwell*, we hereby *sua sponte* stay any further proceedings herein until *all* plaintiffs fully have utilized the conciliatory procedures provided in § 2000e. See also 42 U.S.C. § 2000e–4(g)(4).

Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir., 1971) ; Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973). Contra, Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476 (7th Cir., 1970).