[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12973

_____

D. C. Docket No. 01-00083-CV-5

FREDDY GREEN,

Plaintiff-Appellant,

versus

ELIXIR INDUSTRIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 11, 2005)

Before BARKETT, HILL and FARRIS*, Circuit Judges.

PER CURIAM:

_____

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

We withdraw our previous opinion and substitute this opinion in its place.

Freddy Green appeals the district court's grant of summary judgment in favor of Elixir Industries on his race employment discrimination claim. Green filed suit in district court alleging wrongful termination on the basis of race, as well as racial hostile work environment discrimination, in violation of 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981.[1] Although the district court found the merits of Green's hostile work environment claim sufficient to withstand summary judgment, the court nonetheless granted summary judgment on that claim under both Title VII and § 1981, on the grounds that the Equal Employment Opportunity Commission ("EEOC") charge Green had filed was deficient.

We affirm the district court's determination that Green's EEOC charge was insufficient to provide notice of a Title VII hostile work environment claim. While § 1981 does not require a plaintiff to exhaust administrative remedies by filing an EEOC charge, Green has abandoned any argument concerning his § 1981 claims, because he failed to raise them on appeal. Accordingly, we affirm.

BACKGROUND

Plaintiff Freddy Green is a black male who was employed by Defendant Elixir Industries, Inc. at its Georgia Extrusion Division in Douglas, Georgia from

---

[1] The wrongful termination claim went to trial, and the jury returned a verdict for Elixir Industries.

2

March 1995 until he was terminated on January 2, 2001. Following his termination, Green filed a pro se charge of discrimination with the EEOC. Green checked the box stating that the discrimination alleged was racial. In the box where Green was required to state the dates of the discrimination, Green wrote "January 2, 2001" as the "earliest" and "latest" dates. In the factual particulars section, Green stated:

> I. I was employed from March 7, 1995 until my discharge January 2, 2001. I was terminated for violation of the attendance policy, but I have no written warnings for attendance. White males that have written warnings and have committed further violations were not terminated.

> II. Management stated I was discharged because of violation of the attendance policy.

> III. I believe that I have been discriminated against because of my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

The EEOC investigated Green's charges and concluded that Green was not terminated because of his race.[2] It issued Green a right to sue letter.

Green subsequently filed this action, which alleged both racial hostile environment discrimination and racially-motivated termination in violation of Title VII and § 1981. Green's allegations in the suit include repeated and outrageous

---

[2]Green claims that he told an EEOC investigator about the harassing conduct and provided paperwork to the EEOC substantiating the incidents concerning his hostile-environment claim. The EEOC has since destroyed Green's file. However, there is no dispute concerning Green's EEOC charge form, which did not include facts concerning his hostile-environment claim.

acts of racially motivated harassment.

Elixir filed a motion for summary judgment, asserting that Green's EEOC charge did not contain specific allegations of a hostile work environment, but only mentioned his termination as the discriminatory act, and listed January 2, 2001, as both the starting and ending date of the discriminatory conduct. Elixir claimed that a hostile work environment investigation could not reasonably be expected to grow out of this charge, and that Green's Title VII claim was therefore procedurally deficient. The district court found that Green's EEOC charge was deficient and granted summary judgment solely on that basis.

## DISCUSSION

We review the grant of summary judgment de novo. Higdon v. Jackson, 393 F.3d 1211, 1218 (11th Cir. 2004). Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970).[3] Though we must liberally construe EEOC charges that are prepared without the assistance of counsel, a plaintiff's civil complaint remains "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

charge of discrimination." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000).

Though Green relies on Gregory to argue that his EEOC charge embraced a hostile environment claim, we find Gregory inapposite. In Gregory, though the plaintiff failed to check the box labeled "retaliation" on the EEOC charge, the charge nonetheless alleged facts that reasonably encompassed a claim for retaliation. Gregory, 355 F.3d at 1280. By contrast, all of the factual allegations contained in Green's EEOC charge relate to his termination and none relate to a retaliation claim. He noted the date of his termination as both the earliest and latest date of discriminatory conduct; explained that his termination ostensibly stemmed from attendance policy violations; and stated that white males with inferior attendance records were retained. Nothing in Green's EEOC charge related to incidents of harassment, nor did anything mention the dates on which they occurred. Because the facts alleged in Green's EEOC charge form cannot be said to encompass a hostile work environment claim, we affirm the district court's finding that his claim was therefore procedurally deficient. See Sanchez, 431 F.2d at 466 (explaining that a Title VII complaint may encompass only the kinds of discrimination like or related to the allegations contained in the EEOC charge).

5

Unlike Title VII, § 1981 does not require that a plaintiff exhaust administrative remedies before filing an action in federal court. See Caldwell v. Nat'l Brewing Co., 443 F.2d 1044, 1046 (5th Cir. 1971) (holding that a plaintiff alleging discriminatory employment practices with regard to race "has an independent remedy under § 1981 without respect to exhaustion under Title VII"). As such, a hostile work environment claim brought under § 1981 cannot be defeated by a deficient EEOC charge. Thus, while the district court improperly entered summary judgment on Green's § 1981 claim based on his failure to exhaust administrative remedies, circuit precedent dictates that Green's failure to raise his § 1981 claim on appeal renders the issue abandoned. See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (applying "our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned").

**AFFIRMED.**