Charles C. **STRINGER**, Jr., et al.,
Plaintiffs,

v.

J. D. **NOSEF**, Jr., Mayor and Commissioner of the City of Clarksdale, et al.,
Defendants.

No. DC 74–115–K.

United States District Court,
N. D. Mississippi,
Delta Division.

Feb. 10, 1975.

Johnnie E. Walls, Jr., Greenville, Miss., for plaintiffs.

David R. Hunt, Clarksdale, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This is a civil rights suit brought under the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981–1983, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., as a class action challenge to alleged racially discriminatory employment practices of the Clarksdale, Mississippi, Police Department.[1] Soon after the commencement of the present action, plaintiffs filed Title VII charges with the Equal Employment Opportunity Commission (EEOC) on factual allegations substantially identical to those made here.

Defendants have now brought this motion to dismiss the complaint for failure to state a claim upon which relief can be granted, contending that plaintiffs may not simultaneously pursue dual remedies before this court and the EEOC. Defendants rely upon the doctrines of election of remedies and pri-

---

1. In addition to the mayor, defendants include the city commissioners, the police department, the chief of police, and the Clarksdale Civil Service Commission and its chairman and members.

mary jurisdiction, and further demand that plaintiffs must exhaust the administrative remedies provided by Title VII before seeking relief in this forum. As an alternative to dismissal, defendants ask that further proceedings in this action be stayed pending disposition of the charges now before the EEOC.

It is clear without extended discussion that defendants' motion to dismiss must be denied, for the law in this circuit, and in others as well, is that failure to exhaust Title VII administrative remedies is no bar to claims arising from the post-Civil War civil rights acts. It is by now well settled that Title VII did not expressly or by implication preempt, repeal or mitigate the effectiveness of the earlier acts; neither does it force plaintiffs to an election of remedies. Caldwell v. National Brewing Co., 443 F.2d 1044 (5 Cir. 1971); Sanders v. Dobbs House, 431 F.2d 1097 (5 Cir. 1970).

Defendants' alternative request that these proceedings be stayed pending disposition by EEOC of the charges before it is more appealing, however, and, in the sound discretion of the court, will be granted.

A discretionary stay of § 1981 actions by the district court until the conciliation efforts of the EEOC have had a chance to bear fruit has been recognized as proper by the Third Circuit in Young v. International Telephone & Telegraph Co., 438 F.2d 757, 764 (1971), and the Fifth Circuit in Caldwell v. National Brewing Co., supra. Although the *Young* court rejected arguments that Title VII constitutes an absolute jurisdictional bar to actions under the earlier civil rights acts in which Title VII ex-

haustion has not occurred, the court wisely recognized that the availability of EEOC conciliation was a factor deserving serious consideration by the trial courts. The strong emphasis which Congress placed on EEOC conciliation as a means of addressing employment discrimination disputes,[2] together with the expertise possessed by the agency, justifies "an accommodation between [federal court] jurisdiction under § 1981 and the conciliation efforts of the Commission." 438 F.2d at 764. One way in which this accommodation may be achieved in a proper case is through a stay of federal court proceedings, in deference to the conciliation processes of the EEOC. See McMiller v. Bird & Son, 376 F.Supp. 1086, 1089 (W.D.La.1974); Johnson v. Goodyear Tire & Rubber Co., 349 F. Supp. 3, 11 (S.D.Tex.1972).

Particularly where, as in the case sub judice, the defendants represent a major political subdivision of the state and the relief sought is primarily equitable, we believe the expertise of the EEOC should be given a fair chance. Accordingly, it is

Ordered

1. That defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted is hereby denied.

2. That defendants' alternative motion to stay further proceedings in this case pending disposition of plaintiffs' charges before the EEOC is hereby granted. Upon completion of the EEOC proceeding, the parties shall advise the court as to the outcome, and supplemental orders shall then be entered as may be appropriate to the further progress of this action.

2. See, e. g., 42 U.S.C. §§ 2000e–4(f), 2000e–5(e).