Esther F. SOLIN, Plaintiff,

v.

STATE UNIVERSITY OF NEW YORK, Defendant.

No. 76 Civ. 364.

United States District Court,
S. D. New York.

June 28, 1976.

**538**

Robert D. Foglia, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendant; Rhonda Amkraut Bayer, Deputy Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Esther Solin sues the State University of New York (SUNY) on behalf of herself and others under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. She alleges that SUNY has engaged in a widespread policy of discrimination against caucasian female applicants for employment and caucasian female employees ". . . in positions involving teaching, research or related duties with respect to hiring, tenure, promotions, assignments to preferred jobs, failing to provide equal job training opportunities, denial of correct seniority, denial of tenure, denial of compensation and employment benefits and in other ways." (Complaint, ¶ 11) Solin moves for a class action determination. SUNY moves for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, or, alternatively, for a change of venue pursuant to 28 U.S.C. § 1404(a).

### I.

*Motion for Judgment on the Pleadings*

SUNY argues that the complaint must be dismissed because (1) it fails to allege facts sufficient to raise a civil rights claim; (2) the action cannot be maintained against SUNY; and (3) Solin has not been aggrieved within the meaning of Title VII.

### A.

■ Paragraph 11 of the complaint, quoted above, sets forth allegations which, if true, establish a violation of 42 U.S.C. § 2000e-2, which provides in pertinent part:

"(a) It shall be an unlawful employment practice for any employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges, of employment, because of such individual's race, color, religion, sex, or national origin."

■ SUNY contends that to allege a violation of the statute the complaint must at least assert (1) that the plaintiff belongs to a minority group, (2) applied for a position for which she was qualified, (3) was rejected for the position, and (4) after the rejection the position remained open and the defendant continued to seek applicants. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Although Solin alleges the first three facts, she does not include the fourth. Accordingly, the complaint is dismissed unless within twenty days Solin amends her complaint to include the allegations required by *McDonnell Douglas Corp., supra.*

### B.

SUNY further asserts that even if the complaint states a cause of action, the case cannot be maintained against it because (1) Solin applied for a position, and was rejected, at only one of its branches; (2) it is not a "person" within the meaning of the Civil Rights statutes; (3) the suit is barred by the Eleventh Amendment; and (4) it was not named as a respondent in Solin's charge before the EEOC as required by 42 U.S.C. § 2000e-5(e).

### 1.

■ According to the defendant, the fact that Solin applied for a position at the College of Purchase does not state a cause of action against SUNY, because the hiring determination was not made by anyone involved with administering the entire state college system. However, SUNY's actual involvement in the faculty appointment decisions at particular campuses raises issues of fact which cannot be determined on a motion for judgment on the pleadings. Solin's allegation that the decision not to offer her a faculty position was part of SUNY's

overall discriminatory policy against caucasian women plainly sets forth a claim of involvement on the part of the defendant and therefore states a cause of action against the entire university.

### 2.

SUNY next urges that the complaint must be dismissed because SUNY is not a "person" within the meaning of the Civil Rights Act.

■ SUNY apparently confuses § 1981, the statute upon which Solin bases jurisdiction, with § 1983 of the Civil Rights Act. However, unlike § 1983, § 1981 does not require that the plaintiff be aggrieved by a "person" acting under color of state law. 42 U.S.C. § 1981 provides:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

■ Moreover, the term "person" is defined in Section 701 of the Civil Rights Act of 1964 as:

> "(a) The term 'person' includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers." 42 U.S.C. § 2000e(a).

As a government-created corporation, SUNY fits this definition. N.Y.Const. Art. 11 § 2.

### 3.

■ Even if, as defendant asserts, SUNY enjoys the immunity conferred on the states by the Eleventh Amendment because it is a corporation created by the New York State legislature to carry out governmental functions, that immunity at the most precludes granting Solin's prayers for back pay and punitive damages. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The court in *Edelman* held that absent a state's waiver or consent, the Eleventh Amendment bars a federal court from awarding a retroactive money judgment that would be satisfied by a "payment of funds from the state treasury." 415 U.S. at 677, 94 S.Ct. at 1362. It is at least arguable that an award of punitive damages would similarly be foreclosed, because, like back pay, an award of punitive damages requires "payment of state funds, not as a necessary consequence of compliance in the future with a substantive federal-question [relief] . . . [but as monetary relief] resulting from a past breach of a legal duty . . ." 415 U.S. at 668, 94 S.Ct. at 1358.

■ However, defendants have not submitted information sufficient to determine whether SUNY "shares the Eleventh Amendment shield as an 'alter ego' of the state." *Fitzpatrick v. Bitzer,* 519 F.2d 559, 564–65 (2d Cir. 1975), aff'd —— U.S. ——, 96 S.Ct. 2666, 48 L.Ed.2d —— (June 28, 1976). As the Court of Appeals stated in *Fitzpatrick* :

> "a court must look to numerous factors, no one of which is conclusive . . . The most important, of course, is whether, in the event plaintiff prevails, judgment will have to be paid out of the state treasury . . . Also to be considered is whether the entity sued is performing a governmental or proprietary function, whether it has been separately incorporated, whether it has the power to sue and be sued and enter into contracts, the degree of autonomy over its operations, and whether the state has immunized itself from responsibility for the agency's operations."

Defendants submitted no affidavits which deal with these factors and the determination on this issue must therefore be deferred.

■ In any event, the Eleventh Amendment does not bar a suit to enjoin enforce-

ment of a practice prohibited by the constitution or a federal statute. *Sheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L. Ed.2d 90 (1974); *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Fitzpatrick v. Bitzer, supra.* Solin's prayer for declaratory and injunctive relief survives regardless of the applicability of the Eleventh Amendment.

#### 4.

■ Solin failed to comply with the requirement of 42 U.S.C. § 2000e–5(e) that the defendant in a federal suit filed under Title VII be the respondent named in the charge before the EEOC. Although Solin specifically named "State University of New York, Purchase Campus" in her EEOC charge, the failure to name the identical defendant does not, under the circumstances, require a dismissal of the complaint. As the court noted in *Bowe v. Colgate Palmolive Co.,* 416 F.2d 711, 719 (7th Cir. 1969):

> "This provision serves two important purposes. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with law."

In this case, although SUNY, as distinct from one of its branches was not formally named in the EEOC proceedings, it obviously had notice of the charge because the respondent, Purchase College, was represented before the New York State Division of Human Rights by SUNY's legal department in Albany, New York, and the purpose of § 2000e–5(e) was therefore largely fulfilled. (Ex. E, Affidavit of Joseph Foglia, submitted in opposition to defendant's motion) Moreover, a failure to prosecute a claim before the EEOC does not deprive a federal court of jurisdiction where the complaint, as here, also states a cause of action under 42 U.S.C. § 1981. *Hill v. American Airlines, Inc.,* 479 F.2d 1057 (5th Cir. 1973); *Caldwell v. National Brewing Co.,* 443 F.2d 1044 (5th Cir. 1971), *cert. denied,* 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785 (1972); *Taylor v. Armco Steel Corp.,* 373 F.Supp. 885 (S.D.Tex.1973).

#### C.

■ SUNY asserts that Solin's complaint does not state a claim because she has not been aggrieved within the meaning of Title VII, but because SUNY submitted matters outside the pleadings to support its position, this aspect of the motion is properly treated as one for summary judgment under Rule 56, Federal Rules of Civil Procedure and is denied because of the existence of material issues of fact.

The fact that Purchase ultimately hired a female caucasian for the position for which Solin applied does not dispose of the case, especially when that woman was hired after Solin filed her complaint with the New York State Division of Human Rights. As the court in *Jenkins v. United Gasoline Corp.,* 400 F.2d 28, 1 E.P.D. ¶ 9908 (5 Cir. 1968) noted in a similar context, "Such actions in the face of litigation are equivocal in purpose, motive and permanence." Defendant's blanket denial of any discrimination cannot, without further proof, justify a dismissal of the complaint.

#### II.

*Motion for a Determination of a Class*

Solin moves for a class determination under Rule 23(a) and (b)(2), Federal Rules of Civil Procedure, allowing this action to proceed on behalf of herself and

> "all caucasian, female applicants for employment and caucasian, female employees who have applied for employment, have been employed, are employed or may in the future be employed by defendant, State University of New York ('SUNY') in any position involving teaching, research or related duties at any of its campuses located in the State of New York and who have been, are presently being, or may in the future be adversely affected by [discriminatory practices] with respect to hiring, tenure, promotions, assignments to preferred jobs, failing to provide equal job training opportunities, denial of correct seniority, denial of tenure, denial of compensation and

employment benefits and in other ways." (Complaint, ¶¶ 7, 11)

■ We are aware that the requirements of maintaining a class action under Rule 23(a) and (b)(2), according to both the Advisory Committee's notes and judicial interpretation, should be liberally construed in cases alleging race and sex discrimination, both to ensure that the purposes of the Civil Rights statutes are effectuated and to avoid the tedious prospect of prosecuting such claims piecemeal when to do so might discourage the filing of cases. See Advisory Committee Notes, 39 F.R.D. 102 (1966); *Jenkins v. United Gas Corporation,* 400 F.2d 28, 32–35 (5th Cir. 1968). Rule 23 also serves the salutary end of judicial economy by determining all similar claims in one lawsuit.

■ Nevertheless, the fact that employment discrimination claims are generally suitable for class action treatment does not automatically lead to the conclusion that every case which asserts such a claim meets the requirements of Rule 23. Rule 23(a) provides:

"*(a) Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

and a party seeking to proceed on behalf of a class must affirmatively establish that these four prerequisites are present in his or her case. Solin has failed to do this.

For example, although the memorandum of law submitted in support of the class action determination states that "it is not unreasonable to assume that the class consists of over 1,000 persons" there is not a single affidavit submitted to suggest that there is one other female caucasian who fits the definition of Solin's class.

In accordance with 23(c)(1) which states "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained," Solin made the motion for class action status prior to discovery. However, as Judge Frankel has observed:

"... the time when a hard determination is 'practicable' as to the propriety of a class action will obviously vary from case to case ... it may not be possible to decide even tentatively near the outset of the case whether it should continue as a class action. It may be possible only to formulate a program of discovery and study under as stringent a timetable as the circumstances will allow, and then to reschedule the subject for determination under (c)(1)." *Some Preliminary Observations Concerning Civil Rule* 23, 43 F.R.D. 39, 41 (1967).

We believe that Solin should be afforded the opportunity to discover whether as she contends, she meets the requirements of Rule 23.[1]

Accordingly, the motion for a class action determination is denied without prejudice to reconsideration upon the submission of facts which support the conclusion that the case meets the requirements of Rule 23(a) and (b)(2).[2]

In conclusion, for the reasons stated above, the motion to dismiss is granted un-

---

1. The scope of the purported class is directed to the University as a whole. In order to have such a class certified, Solin would have to prove a University-wide pattern of discrimination, which she has not at this time done.

2. Alternatively, SUNY moves to transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). The motion was predicated on the assumption that discovery would involve all facilities maintained by SUNY throughout the state. In view of our disposition of the motion for a class determination, the motion for a change of venue is deferred until defendant has reviewed the opinion and determined whether it continues to seek a change of venue now that the cause of action relates solely to events occurring at the Purchase College campus, which is located in the Southern District of New York.

less within twenty days of the filing of this memorandum Solin amends her complaint to include the assertion specified in *McDonnell Douglas Corp. v. Green, supra*; the motion for a class determination is denied without prejudice to reconsideration; and the motion for a change of venue is deferred.

It is so ordered.