Tania M. MEJIA, on behalf of herself
and all others similarly
situated, Plaintiff,

v.

NEW YORK SHERATON HOTEL, a
division of Sheraton Corp., Sheraton
Corp., Defendants.

No. 77 Civ. 5295(MP).

United States District Court,
S. D. New York.

Oct. 31, 1978.

Jon David Sherry, New York City, for plaintiff.

Solin & Breindel, New York City, Attorneys for defendants by Daniel R. Solin, Robert Aronson, New York City.

DECISION

POLLACK, District Judge.

This is an employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, which was commenced as a class suit. The complaint was filed on October 31, 1977. Defendants answered on December 5, 1977. The time within which to move for class certification was extended until May 1, 1978 by a series of stipulations signed by the Court. Ultimately no motion respecting class certification was made.

During pretrial proceedings, it became obvious that the plaintiff could not qualify as a proper class representative or satisfy the other elements of class litigation herein and counsel for the plaintiff with the consent of the defendants submitted a stipulation withdrawing the class allegations which the Court approved and so ordered.

Plaintiff alleges in her complaint that she was discharged on June 24, 1975 from her position as a chambermaid with the Sheraton Hotel on account of her Spanish surname and the fact that her primary language was Spanish and that two years earlier was denied a promotion to a front office cashier position for the same reasons.

The defendants deny any discriminatory purpose or effect of their conduct and assert that the discharge from employment was for violation of a posted rule forbidding chambermaids from going into a guest's chambers while off duty—a serious security infraction; and that the reason why plaintiff was not promoted to the front office cashier position which she sought was that she was not qualified by reason of the paucity of her English language ability and her lack of familiarity with office procedures. The issues have been tried to the Court at a Bench trial.

The facts established herein are the following.

Plaintiff is a female Dominican national who came to the United States in about 1970 as the holder of a visa entitling her to become employed in this country. Her education and schooling occurred abroad in a Spanish school and she never had any education in the English language until she arrived in this country. The plaintiff was employed as a chambermaid in the housekeeping department of the Sheraton Hotel from on or about October 29, 1970 to on or about June 24, 1975. During her employment, whatever ability she possessed to understand, speak and write English she acquired through courses that she had taken in English at New York University during a period of three months after her arrival here.

The defendant New York Sheraton Hotel is owned by Hotel Park Sheraton, Inc., a New York corporation that is a wholly owned subsidiary of defendant Sheraton Corporation, a Delaware corporation with its executive headquarters located in Boston, Massachusetts.

Commencing in April 1973 the plaintiff enrolled in an Industry Training Program, a program jointly sponsored by plaintiff's Union and the city's hotel industry to train hotel employees for positions within the hotel industry. She sought training in the operation of the NCR machines used in the hotel's front office with a view to seeking a position as a front office cashier. She received 30 hours of on-the-job training on the hotel's front office NCR machines and in general front office procedure. A week after her training she applied for a position as a front office cashier. Such a job was never tendered to her.

The plaintiff's performance during training was evaluated by Mrs. Peggy Smyth, a front office cashier supervisor at the hotel. Mrs. Smyth told plaintiff that she would keep the plaintiff in mind but the promotion sought was not forthcoming. In 1974 there was an opening in the cashier's department and plaintiff spoke to the manager but she was told that she would have to learn to speak better English because the position required a greater aptitude than the plaintiff possessed. The written evaluation made by Mrs. Smyth dated April 23, 1973 following the training course recites that the plaintiff's attendance, personal appearance, courtesy and drive were excellent; that her job knowledge acquired through the special course was good but that her accuracy and overall evaluation were only fair. The evaluation further stated that the plaintiff had a willingness to learn but her weak point was that she was not well enough acquainted with office procedure. The management found that the plaintiff's language barrier was a stumbling block to a front office post for the plaintiff, a post that would necessarily bring her in contact and communication with the guests of the hotel.

From time to time subsequent to April 23, 1973 the plaintiff unsuccessfully importuned various personnel at the hotel to assist her to obtain a promotion to the front office cashier department. On June 24, 1975 she was discharged from her employment at the hotel. The termination of employment form which was filled out at the time and dated June 25, 1975 states that the

plaintiff was terminated "for being found . . . in Room 612 which was an occupied room when she was not on duty, which is a strict violation of House Rule No. 17".

Following her discharge, plaintiff resorted to the EEOC charging that she was discriminated against because of her prior occupation as a chambermaid. She then went to the Human Rights Commission asserting there that she was terminated because of a physical disability that she had acquired on the job. Ultimately in an amended complaint to the EEOC she asserted that she was terminated because of her national origin and was not promoted because she was Spanish.

Where discriminatory refusal to hire is alleged, plaintiff may establish a prima facie case by showing (1) that she is a member of a minority or is a woman, (2) that she applied for a position for which she was qualified, (3) that she failed to obtain the position, and (4) that after she was denied the position, defendants continued to seek applications from persons of her qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Solin v. State University of New York*, 416 F.Supp. 536, 538 (S.D. N.Y.1976). The employer may rebut such a prima facie showing by articulating a legitimate, nondiscriminatory ground for its action with respect to the plaintiff. Finally, plaintiff may avoid the effect of the employer's rebuttal by showing that the asserted justification for the conduct in question is merely a pretext for discrimination. *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 282–83, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Green, supra*, at 802–04.

The evidence in the case established beyond peradventure of doubt a serious past and current inability on the plaintiff's part to articulate clearly or coherently and to make herself adequately understood in the English language. She continued taking English courses after her discharge in the summers of 1975, 1976 and 1977 with minimal improvement. Her instructor's latest report card for the 1977 session recites that she was a poor student and definitely should not go on to level 6 as she could not do the written work and that pronunciation was also a problem (Exhibit K). Level 6 in the Language Institute idiom is achieved when one speaks reasonably fluently with occasional idiomatic imprecision (Exhibit L). Plaintiff's exhibition on the witness stand emphasized the current existence of an English language deficiency that made it quite difficult for the Court, the reporter and counsel to understand what she was saying in her testimonial responses.

The requirement of the hotel for greater English proficiency than the plaintiff can exhibit was significantly related to successful job performance and did not operate to exclude minority applicants at a higher rate than applicants who are not of that minority group. There is no doubt that the plaintiff was not sufficiently qualified to be placed in a position in the front office cashier's department. The defendants found her not acceptable for such employment in a legitimate, nondiscriminatory manner. Her language difficulty and her level of performance in its totality during her training period did not qualify her for the job she sought and the defendant was privileged to so decide as to the plaintiff in good faith. Plaintiff's Hispanic origin or previous employment as a chambermaid formed no part of defendant's refusal to place her in the front office cashier's department. There was no discrimination against the plaintiff as a member of any class nor any discriminatory purpose in defendant's evaluation. Business necessities precluded a person of plaintiff's qualifications from being placed in the front office cashier type occupation in a large public hotel. The Sheraton Hotel employs about 650 persons, more than a third of whom are of Hispanic origin, and has 1,400 guest rooms and is a commercial type hotel catering to the general public; and persons of Hispanic origin were regularly employed in the personnel and front office cashier's departments during plaintiff's quest for the position referred to herein.

 The credible evidence clearly and convincingly establishes that plaintiff was not discharged for any discriminatory reasons or by reason of Hispanic origin. Defendants sustained their burden and established by clear and convincing evidence ample legitimate grounds for terminating her employment. Although plaintiff cannot be faulted for her eagerness to advance from the position of a chambermaid to the front office of the hotel the evidence conclusively shows that she was never sufficiently qualified and therefore was not eligible for the position she sought in the defendants' front office. The defendants showed by clear and convincing credible evidence that defendants believed in good faith that the plaintiff would not have been able to competently perform the duties of the position she sought and would not have been hired therefor notwithstanding any of the affirmative virtues to be found in the plaintiff's training evaluation.

There is no factual basis for the suggestion that the hotel training and selection process for front office positions tended to have a disparate impact on the promotional opportunities of Hispanic employees seeking those positions. Even if the requirement of English proficiency did have such an impact, defendants have carried their burden of establishing that the requirement was bona fide and "reasonably necessary to the normal operation of that particular business or enterprise." 42 U.S.C. § 2000e–2(e).

The Court heard and saw the witnesses and on the basis of the demeanor evidence, the testimony, documents and reasonable inferences to be drawn therefrom has resolved the issues of credibility herein in favor of the defendants.

Accordingly, the complaint herein is dismissed on the merits, with costs to be taxed against the plaintiff.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure. The Clerk shall enter judgment accordingly.

SO ORDERED.