ALPHA PORTLAND CEMENT COM-
PANY, Defendant-Appellant,

v.

Willie C. REESE, Plaintiff-Appellee.

No. 74–1290.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1975.

William F. Gardner, Birmingham, Ala., for defendant-appellant.

U. M. Clemon, Birmingham, Ala., Barry Goldstein, James M. Nabrit, III, Jack Greenberg, Morris J. Baller, Marilyn Holifield, New York City, for plaintiff-appellee.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

GODBOLD, Circuit Judge:

Again we consider the relationship between suits for racial discrimination in employment under § 1 of the 1866 Civil Rights Act, 42 U.S.C. § 1981 (1970), and the administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

In Sanchez v. Standard Brands, Inc., 431 F.2d 455 (CA5, 1970), we held that a plaintiff asserting an individual claim for racial discrimination under Title VII must first exhaust his Title VII Equal Employment Opportunity Commission remedies and that the claim raised in the suit must be "like or related" to the charge filed previously with the EEOC.

In Caldwell v. National Brewing Co., 443 F.2d 1044 (CA5, 1971), cert. denied, 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785 (1972), an individual claim for racial discrimination was brought under § 1981, and we held that the plaintiff need not exhaust his Title VII EEOC remedies.

In Hill v. American Airlines, Inc., 479 F.2d 1057 (CA5, 1973), an individual claim[1] for racial discrimination in employment was brought under both Title VII and § 1981. We held that it was unnecessary to determine under *Sanchez* whether the plaintiff's claim was like or related to his EEOC charge, since under *Caldwell* § 1981 was a completely independent remedy and the plaintiff could proceed under § 1981 even if none of his claims were even remotely related to those pressed before the EEOC.

In the present case appellee Reese, a Negro, filed a charge of discrimination with the EEOC, complaining that Alpha discharged him because of race. Long thereafter the Commission found that there was reasonable cause to believe Reese would not have been discharged but for his race. The Commission's findings indicate that the scope of its investigation did not go beyond Reese's claim of a racially discriminatory discharge. After receiving a "right to sue" letter in 1973 Reese brought this action under both Title VII and § 1981. The complaint set forth an individual claim relating to Reese's discharge and class action claims alleging racial discrimination against blacks in hiring, dismissal, job assignment and classification, and promotion.

The District Judge held that plaintiff could properly maintain a class action under F.R.Civ.P. 23, and the employer does not contend that determination is erroneous. The trial judge considered himself bound by *Hill* and concluded that the independent remedy of § 1981 compelled him to permit a class action attack on a broader panoply of alleged discriminatory practices than those either

---

1. The plaintiff in *Hill* also sought to maintain a class action, but the District Court dismissed that portion of the complaint on the basis of failure to meet the requirements of Rule 23, F.R.Civ.P., and we affirmed this holding. 479 F.2d at 1059.

presented to the Commission or like or related thereto.[2] Inviting reversal, the District Judge made the necessary certification, 28 U.S.C. § 1292(b), and we granted leave for an interlocutory appeal. The order of the District Court was correct and is affirmed. .

Plaintiff concedes, of course, that his individual and class allegations under Title VII must, under *Sanchez,* be like or related to the charge filed with the EEOC, but he contends that neither his individual nor class allegations asserted under § 1981 need meet that standard. Alpha agrees that, under *Hill,* plaintiff's individual allegations under § 1981 need not meet the "like or related" test but Alpha argues that the class action allegations must meet that test. Thus the controversy centers on whether the scope of a § 1981 class action, otherwise proper under F.R.Civ.P. 23, is limited by the "like or related" standard.

The independence of the § 1981 remedy has been stated repeatedly. The Supreme Court recently traced the legislative history of Title VII and said:

> [L]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination.[7] In the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the "highest priority." Newman v. Piggie Park Enterprises, Inc., *supra,* 390 U.S., [400] at 402, [88 S.Ct. 964, at 966, 19 L.Ed.2d 1263]. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. § 2000e–5(b) (EEOC); 42 U.S.C. § 2000e–5(c) (State and local agencies); 42 U.S.C. § 2000e–5(f) (federal courts). And, in

general, submission of a claim to one forum does not preclude a later submission to another. See 42 U.S.C. § 2000e–5(b) and (f); McDonnell Douglas Corp. v. Green, *supra* [411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668]. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.[9] The clear inference is that Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination. [footnote 8 omitted]

> 7. See, e. g., 42 U.S.C. § 1981 (Civil Rights Act of 1866); 42 U.S.C. § 1983 (Civil Rights Act of 1871).

> 9. [. . .] The report of the Senate Committee responsible for the 1972 Act explained that the "provisions regarding the individual's right to sue under Title VII, nor any of the provisions of this bill, are meant to affect existing rights granted under other laws." S.Rep.No.415, at 24, 92d Cong., 1st Sess. (1971). [. . .]

Alexander v. Gardner-Denver Co., 415 U.S. 36, 47–49, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147, 158 (1974). This language further supports the independent remedy principle which this court set forth at length in *Caldwell* and *Hill.*

The employer, as did the District Judge, urges that permitting a class action under § 1981 without the restraints of *Sanchez* is a bad policy which invites appellees to bypass entirely or in part the conciliatory machinery provided under Title VII. Accepting that proposition arguendo, the policy choice is one already made by the Congress in creating Title VII as a remedy supplemental to and separate from that existent under § 1981.[3]

---

2. Plaintiff makes no argument that his class allegations are like or related to the charges he filed with the EEOC. Rather he rests solely on the argument that the class allegations asserted under § 1981 are not subject to the "like or related" standard.

3. Title VII was enacted in 1964, prior to the resurrection of § 1981 as a remedy for private

racial discrimination in employment. *See* Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), and Sanders v. Dobbs House, Inc., 431 F.2d 1097 (CA5, 1970), cert. denied, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971). However, extensive amendments to Title VII were enacted in 1972, and Congress refused to modify Title VII's role as a supplemental remedy.

■ No substantial authority supports the employer's argument. All circuits which have addressed the issue have held that § 1981 is an independent remedy and EEOC procedures need not be employed prior to a § 1981 action. Young v. International Telephone & Telegraph Co., 438 F.2d 757 (CA3, 1971); Hill v. American Airlines, Inc., *supra*; Long v. Ford Motor Co., 496 F.2d 500 (CA6, 1974); Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973). See also Brady v. Bristol-Meyers, Inc., 459 F.2d 621 (CA8, 1972). The single circuit that held that one suing under § 1981 must plead a reasonable excuse for failure to exhaust EEOC remedies, Waters v. Wisconsin Steel Works, 427 F.2d 476 (CA7), cert. denied, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), appears to have abandoned that position in favor of the majority principle. Waters v. Wisconsin Steel Works, 502 F.2d 1309 (CA7, 1974). We are unable to find any language or theory presented in these opinions which would support Alpha's proposed limitation on the independent remedy principle.[4] The rationale underlying this principle has been expressed:

> . . . Section 1981 and Title VII, in truth, provide for such radically different schemes of enforcement and differ so widely in their substantive scopes that using the policies behind the latter to create procedural barriers to actions under the former would stretch to the breaking point courts' customary duty to accommodate allegedly conflicting legislation.

Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 86, 478 F.2d at 996 (1973). This rationale extends to the present case also. There appears to be

no reason for labeling § 1981 an independent remedy for purposes of individual complaints but not an independent remedy for purposes of class actions. Section 1981 is available to plaintiffs without regard to Title VII limitations.

In Smith v. Delta Airlines, Inc., 486 F.2d 512 (CA5, 1973), plaintiff filed a charge with the Commission asserting discharge because of race and subsequently sued under Title VII and § 1981 raising class action claims regarding jobs, hiring and promotions. The District Court's ruling that plaintiff could not be a representative of the class unless he was entitled to reinstatement was error under Huff v. N. D. Cass Co. of Alabama, 485 F.2d 710 (CA5, 1973) (en banc). This court remanded with the statement that "the trial court should proceed to a determination of whether the claims made adequately stated a class action within the contemplation of this Court in Sanchez v. Standard Brands, Inc." 486 F.2d at 515. Alpha acknowledges that the issue it raises was not directly raised in *Smith,* and we assume that the language concerning *Sanchez* does not mean that the court would have refused to find jurisdiction under § 1981 if it had reached that question.

■ Our conclusion that "like or related" is not a jurisdictional bar to a class action for employment discrimination under § 1981 does not mean that likeness or relatedness has no relevance in such a suit. Rule 23 is still on the books, and the trial judge defining classes and subclasses, deciding who are proper class representatives and exercising the broad discretion he enjoys in employment discrimination class action cases may find "like or related" to be a tool in his analysis with regard to the calls of Rule 23.[5]

See Alexander v. Gardner-Denver Co., *supra,* 415 U.S. at 48, 94 S.Ct. at 1019, 39 L.Ed.2d at 158, n. 9.

4. Kinsey v. Legg, Mason & Co., 60 F.R.D. 91 (DCDC, 1973), which held that § 1981 class claims could not be raised if they were not like or related to EEOC charges, relied on the first *Waters* case which now apparently has been abandoned by the Seventh Circuit. Furthermore we do not view the rationale of

*Kinsey* as convincing in light of the independent remedy principle which is firmly established in this circuit.

5. Defendant argues that the result reached in this case will adversely affect the rights of the class which may not be well represented by plaintiff and his use of § 1981. We think, however, that class members are adequately protected by the requirements of Rule 23.

We have held that the *Sanchez* standards do not override Rule 23 from without. But to the extent that the presence or absence of likeness or relatedness falls within the requisites of Rule 23, it is not excluded from the judge's consideration.

Affirmed.

Even if we considered it desirable as a matter of policy to erect additional hurdles before a plaintiff bringing a § 1981 class action, it is for Congress, not the courts, to raise them.