Harold ODOM, Jr., Plaintiff,

v.

U. S. HOMES CORPORATION OF
TEXAS, Defendant.

Civ. A. No. 74-H-943.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 19, 1975.

Gordon R. Cooper, II, Houston, Tex., for plaintiff.

W. Carl Jordan, Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

Defendant's Motion to Dismiss the Class Action is granted. The class allegations of plaintiff are dismissed, and this cause will proceed only upon the individual claims of the named plaintiff.

### I.

Plaintiff has filed suit in this Court alleging that defendant unlawfully discriminates on the basis of race in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). In his complaint, plaintiff purports to represent all Negro persons who are or might be employed by U. S. Homes Corporation of Texas ("The Texas Corporation") at its main office in Stafford, Texas ("Stafford Office"). Defendant has moved to dismiss the class allegation.

Upon reviewing the complaint, plaintiff's deposition, and the extensive answers to interrogatories submitted by defendant, and having considered in depth the memorandum submitted by each party in support of its respective position, the Court concludes that plaintiff has not demonstrated that his class allegation satisfies the requirements of Rule 23, Fed.R.Civ.P., particularly the provisions of Rule 23(a): there are no questions of fact common to the class, as required by Rule 23(a)(2); and plaintiff's claims are not typical of the claims of the class, as required by Rule 23(a)(3). There is also substantial doubt as to whether the class is so numerous that joinder of all members is impracticable, as mandated by Rule 23(a)(1).

Accordingly, the class allegation is dismissed. The Court hereafter briefly recites the background and facts thus far developed in this case to amplify the reasons for its ruling.

## II.

Defendant is a residential developer and builder and is a subsidiary of a national corporation engaged in this business nationwide. Defendant's main office is located in Stafford, Texas, and there are six division offices in the Houston and Dallas metropolitan areas. Plaintiff was first employed by defendant in July, 1972, as a data processing subcontractor. He previously had employment experience as a computer systems analyst. His formal education includes an undergraduate degree in accounting and two additional years of study at night in local law schools. He is a certified public accountant.

After approximately six months in defendant's employ, plaintiff was offered a position as vice president and controller of defendant, which he accepted. The available record reflects that on February 15, 1973, plaintiff was officially promoted to the above position, at an annual salary of $21,000 (plus car). On August 1, 1973, he received a merit salary increase to $22,050 per year (plus car).

## III.

The particular incident which triggered this lawsuit took place during the month of August, 1973. Plaintiff had become concerned that his salary as vice president and controller did not match that which had been paid to the previous vice president and he suspected that such disparity was attributable to racial factors. He also felt that insufficient efforts were being expended by defendant to recruit and retain upper-level black executives.

For these reasons and others, plaintiff and Jeff Payson, a fellow employee of defendant and a Caucasian, journeyed to Clearwater, Florida, to meet with the top executives of the national organization to discuss their grievances about the operation of the Stafford office and the Texas corporation in general.

The particular grievances which plaintiff brought to the attention of these executives in Florida are not in evidence. However, it is apparent that the subject matter of the conversation between plaintiff, Mr. Payson and the Florida executives caused great concern. Upon inquiring into the substance of these grievances, the executives decided that they were groundless and totally without foundation. They expressed this to Mr. Eugene Mohler, president of the Texas corporation, and advised him that he should handle the matter as he saw fit.

Mohler fired plaintiff immediately upon his return from Florida, and fired Payson shortly thereafter.

## IV.

■ The United States Court of Appeals for the Fifth Circuit has long emphasized, and this Court recognizes, that discrimination on the basis of race is by its very nature "class" discrimination. *Burns v. Thiokol Chemical Corp.,* 483 F.2d 300 (5th Cir. 1973); *Oatis v. Crown-Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968). However, the mere allegation of race discrimination, standing alone, does not invoke automatically for the named plaintiff the status of class representative. Class actions are per-

missible under Title VII if the requirements of Rules 23(a) and 23(b), Fed.R.Civ.P. 23(a) and 23(b), are satisfied. *Alpha Portland Cement Co. v. Reese,* 507 F.2d 607 (5th Cir. 1975); *Hill v. American Airlines, Inc.,* 479 F.2d 1057, 1059 (5th Cir. 1973). When these requirements are not satisfied, the class action portion of a complaint should be dismissed. *Id.* It remains for this Court to decide in this particular case whether plaintiff has satisfied Rule 23.

### V.

▮ The Court concludes that plaintiff has failed to carry his burden of satisfying the requirements of "commonality" and "typicality" in Rules 23(a)(2) and 23(a)(3). As a well-educated, highly-trained computer specialist and accountant, plaintiff stands out from most of the other employees, white or black, past or present, who have ever been employed by defendant. The circumstances under which plaintiff was hired, promoted, and ultimately fired do not lend themselves to an inquiry which is common to other persons employed by defendant. *Cf. Pointer v. Sampson,* 62 F.R.D. 689 (D.D.C.1974). The factual inquiries necessarily will be different in his case as compared with others, regardless of the merits of his individual allegation of job discrimination on the basis of race.

Neither is plaintiff's situation in the company typical or representative of that of other black employees in the company. Plaintiff has failed to demonstrate, on the basis of the evidence submitted to this Court, that he is properly aligned with other purported class members. There is sufficient evidence to demonstrate to the Court that plaintiff occupied a unique position within the company. The manner in which his employment was terminated distinguishes his individual claim from that of the rest of the alleged class. The claims or defenses which he would raise would not stem from a single event or be based on the same legal theory as that of other persons who might fit within the proposed class demarcation. *Gonzales v. Cassidy,* 474 F.2d 67, 71 n.7 (5th Cir. 1973); *see* 7 Wright & Miller, Federal Practice and Procedure: Civil § 1764 (1974 Supp.).

The totality of the circumstances in this case, as revealed by pertinent discovery, militates against a demonstration of class treatment.[1]

### VI.

Accordingly, the class action allegation in the complaint must be, and it hereby is, dismissed. The Court has attempted to evaluate plaintiff's class allegations here in a manner distinct from the issues which may be raised as to his individual claim. *Huff v. N. D. Cass Co.,* 485 F.2d 710, 714 (5th Cir. 1973) (en banc). Nothing in this

---

1. Additionally, the Court notes that the alleged class may not be sufficient in number to satisfy the "numerosity" requirement of Rule 23(a)(1), Fed.R.Civ.P. 23(a)(1). Defendant contends that since only five Negroes are presently employed by defendant, and since only a total of 14 Negroes were ever employed by defendant since 1971, plaintiff's allegation does not satisfy the "numerosity" requirement. Defendant founds this argument on its contention that plaintiff is only complaining about alleged discrimination in the Stafford office, and that therefore only the employee statistics from that office should be considered.

This may not be appropriate, since it is apparent that decisions which establish defendant's employment practices and policies for all of the offices in Texas are made at the Stafford office. However, even if statistics were to be included from other divisions in the state than the Houston division and the Stafford main office, plaintiff's class would still be very small in number. Not only are there only 14 blacks who would be within the affected class, but the record reflects that many of these black persons, and others, would not qualify for class treatment because they have occupied, been promoted into, or been compensated for work done in, positions throughout the hierarchy of the company. They have occupied positions such as construction manager, staff accountant, chief accountant, superintendent trainee, and customer service manager. Aside from plaintiff, who received over $20,000 per year with the company, they have received compensation ranging from $600 per month to $16,000 per year, the latter figure comparing favorably with the salaries earned by other, white, employees in that employee category. Considering all these factors together, plaintiff has not carried its burden of demonstrating that all the requirements of Rules 23(a) and (b) have been satisfied.

Order should be construed as a ruling on the merits of plaintiff's individual claim of unlawful discrimination. The issues pertinent to his individual claim remain to be resolved.