John H. ROBINSON et al., Plaintiffs,

v.

CAULKINS INDIANTOWN CITRUS CO. et al., Defendants.

No. 83–8655–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 5, 1988.

Peter Helwig, Florida Rural Legal Services, Bartow, Fla., David M. Lipman, Stefan Ruud, Lipman & Weisberg, Miami, Fla., for plaintiffs.

J. David Richeson, Joseph Mancini, Richeson & Brown, Ft. Pierce, Fla., for defendants.

ORDER ON PENDING MOTIONS

HOEVELER, District Judge.

THIS CAUSE is before the court on several pending motions and discovery matters. Having heard the parties at hearings on June 15 and July 17, 1987, it is ORDERED AND ADJUDGED as follows:

1. Defendants' motion for protective order and/or discovery conference (docket #123) is DENIED AS MOOT.

2. Plaintiffs' motion to strike affirmative defenses #3 (two ¶¶), #4, and #11 is GRANTED.

3. Plaintiffs' motion for protective order with respect to depositions of plaintiffs (docket #144) is DENIED AS MOOT.

4. Defendants' motion to dismiss count II of the second amended complaint is DENIED, as is more particularly discussed below.

Plaintiffs bring this action for employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (count I), and under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (count II). They seek declaratory and injunctive relief, as well as promotion, back pay, front pay, benefits, compensatory seniority, and attorneys' fees, under Title VII; under section 1981, they seek compensatory and punitive damages. In addition, plaintiffs have demanded a jury trial on all issues triable by right.

Defendants have moved to dismiss count II (the section 1981 claim) on the ground that it fails to set out an independent factual basis that would distinguish it from plaintiffs' Title VII claim. As authority, defendants rely on a footnote in a 1982 decision of the Fifth Circuit's Unit A. Discussing a class action brought under both Title VII and section 1981, the Unit A panel said:

> The plaintiffs also alleged violations of ... 42 U.S.C. § 1981, and ... 42 U.S.C. § 1983. Consideration of these alternative remedies for employment discrimination is necessary only if their violation can be made out on grounds different from those available under Title VII. The plaintiffs have not argued that such distinctions exist. Moreover, the case law controlling in this Circuit indicates that the elements of substantive claims of employment discrimination brought under § 1981 and § 1983 parallel those of claims brought under Title VII....

*Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982) (Unit A). Ac-

cord *Parker v. Mississippi State Dep't of Public Welfare*, 811 F.2d 925, 927 n. 3 (5th Cir.1987); *Parson v. Kaiser Aluminum & Chemical Corp.*, 727 F.2d 473, 475 n. 1 (5th Cir.1984), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3516, 82 L.Ed.2d 824 (1984); *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, 612 n. 1 (5th Cir.1983); *Pegues v. Mississippi State Employment Service*, 699 F.2d 760, 762 n. 1 (5th Cir. 1983).

The court notes that none of these decisions is binding on it. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting Fifth Circuit decisions prior to Oct. 1, 1981 as precedential); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, (11th Cir.1982) (Unit A decisions rendered after Oct. 1, 1981, are persuasive but not binding). Moreover, in the absence of clear guidance from the Eleventh Circuit, the court believes that the cases on which *Rivera* relies, which would be binding on the court, do not forbid a plaintiff from suing on the same set of facts under both Title VII and section 1981. Finally, the court notes that the Supreme Court has unequivocally ruled that Title VII and section 1981 are overlapping remedies, both of which are available to a plaintiff seeking to redress employment discrimination on the basis of race.

In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court considered an action instituted under both Title VII and 42 U.S.C. § 1981, based on the same facts. *Id.* at 455, 95 S.Ct. at 1717. It held that Title VII is not an exclusive remedy, and that section 1981 may also redress racial discrimination in private employment. The Court observed that whereas Title VII affords equitable relief alone, section 1981 permits both equitable and legal relief, including compensatory and punitive damages. In addition, different statutes of limitation associated with each scheme permit recovery for different periods of employment discrimination. Noting these differences, the Court concluded that "the remedies available under Title VII and under § 1981, although related, and although

directed to most of the same ends, are separate, distinct, and independent." *Id.* at 461, 95 S.Ct. at 1721. The Court drew its conclusion from an examination of Title VII's legislative history, which revealed Congress's belief that Title VII remedies are co-extensive with the right to sue under section 1981: "the two procedures augment each other and are not mutually exclusive." *Id.* at 459, 95 S.Ct. at 1719 (citation omitted).

Nowhere in *Johnson* is there a hint that a claimant must allege a different factual basis for his claims under Title VII and section 1981 in order to press both. Rather, the opinion shows an appreciation of the differences in the coverage of the two laws, and respect for the congressional intent to allow a plaintiff to pursue his rights under Title VII and other state and federal statutes independently. To adopt *Rivera*'s holding would be to restrict the scope of relief for a victim of employment discrimination based on race, in the face of a clear intent to maintain the breadth of that relief.

Binding Fifth Circuit precedent likewise suggests that *Rivera*'s holding is misguided. Even before the Supreme Court's ruling in *Johnson*, the Fifth Circuit held that Title VII did not pre-empt or impliedly repeal section 1981. *Sanders v. Dobbs Houses, Inc.,* 431 F.2d 1097 (5th Cir.1970). Neither was a plaintiff required to exhaust his or her Title VII remedies before invoking section 1981. *Caldwell v. National Brewing Co.,* 443 F.2d 1044 (5th Cir.1971), *cert. denied,* 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed. 2d 781 (1972). In *Alpha Portland Cement Co. v. Reese,* 507 F.2d 607 (5th Cir.1975), the court of appeals held that while the claims of a Title VII lawsuit must be "like or related to" those in the plaintiff's EEOC complaint, claims brought under section 1981 are not subject to the same stricture. *Id.* at 609. The Fifth Circuit in *Alpha Portland Cement* spelled out what was by then a well established rule in the circuit: "Section 1981 is available to plaintiffs without regard to Title VII limitations." *Id.* at 610.

Of course, the fact that a section 1981 claim need not be "like or related to" a charge filed with the EEOC does not imply that the obverse is true, namely that a section 1981 claim must be unlike or unrelated to a companion action under Title VII. Instead, the rule of *Alpha Portland Cement* has continued vitality today, and disposes of defendants' motion. Section 1981's independence as a remedy means that a lawsuit under section 1981 need not refer to a Title VII claim for any reason, including its factual basis. The similarity or dissimilarity of the facts supporting each claim simply has no bearing on section 1981's independence or on the right of a plaintiff to pursue it as a remedy.

Finally, the fact that disparate treatment claims under Title VII have essentially identical elements and proof as claims brought under section 1981, *Lincoln v. Board of Regents,* 697 F.2d 928, 935 n. 6 (11th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 107 (1983); *Whiting v. Jackson State Univ.,* 616 F.2d 116, 121 (5th Cir.1980), does not suggest that they must be made out on different factual grounds. *Cf. Rivera,* 665 F.2d at 534 n. 4. Rather, it underscores *Johnson*'s teaching about "the independence of the avenues of relief respectively available under Title VII and the older § 1981." *Johnson v. Railway Express,* 421 U.S. at 460, 95 S.Ct. at 1720 (citation omitted). The two statutes provide distinct *remedies* aimed at the same end—racial discrimination in employment. *See Johnson,* 421 U.S. at 461, 95 S.Ct. at 1720. Plainly, a single set of facts may give rise to such equitable relief as back pay under Title VII and to compensatory and punitive damages under section 1981 (but not under Title VII). *See, e.g., Stallworth v. Shuler,* 777 F.2d 1431, 1435 (11th Cir.1985); *Lincoln v. Board of Regents,* 697 F.2d at 934. A plaintiff's ability to seek those remedies would be unreasonably compromised by adopting defendants' position. Far from endorsing such a compromise, authoritative case law indicates that it is contrary to the purposes of our employment discrimination law.

Numerous Eleventh Circuit decisions suggest that lawsuits are routinely filed

alleging racial discrimination in employment under both Title VII and 42 U.S.C. § 1981, and that when discrimination is found, plaintiffs are awarded the relief appropriate to each cause of action. *See, e.g., Stallworth,* 777 F.2d at 1435 (affirming back pay award under Title VII and compensatory and punitive damages under §§ 1981 and 1983); *see also Conner v. Fort Gordon Bus Co.,* 761 F.2d 1495, 1498 (11th Cir.1985) (affirming judgment for employer after trial on merits of claims under Title VII and section 1981); *Howard v. Roadway Express, Inc.,* 726 F.2d 1529 (11th Cir.1984) (reversing grant of summary judgment on plaintiff's Title VII claim and claim for equitable relief under § 1981).

While the court has found no Eleventh Circuit decision dealing precisely with the language in *Rivera* on which defendants rely, it is satisfied that plaintiffs in this circuit may marshal the facts, if they are able, to prove discrimination under either Title VII or section 1981, and that the courts will preserve the independence of their various remedies. *See, e.g., Lincoln v. Board of Regents,* 697 F.2d at 935–36 (rejecting claimed inconsistency between jury verdict exonerating individual defendants under § 1981 and district court's finding that their principal was liable under Title VII because jury never considered principal's liability); *Crawford v. Western Elec. Co.,* 614 F.2d 1300, 1308–09 (5th Cir. 1980) (dismissal of Title VII claims not harmless error because facts supporting § 1981 claim were not interchangeable in view of possibly shorter statute of limitations and stricter standard of proof under § 1981). *Accord, Harris v. Richards Mfg. Co.,* 675 F.2d 811, 814 (6th Cir.1982); *Wilson v. University of Virginia,* 44 Fair Empl.Prac.Cas. (BNA) 369 (W.D.Va.1987); *Gunby v. Pennsylvania Electric Co.,* 631 F.Supp. 782, 783 (W.D.Pa.1985) (specifically rejecting *Rivera*'s reasoning). Moreover, at this stage of the litigation, before the parties have engaged in substantial discovery, it would be premature for the court to cut off avenues of relief that theoretically are open to plaintiffs. *See Nilsen v. City of Moss Point,* 701 F.2d 556, 561 (5th Cir.1983) (under *Johnson v. Railway Ex-*

*press,* a plaintiff can elect to sue under as many applicable civil rights statutes as the facts of case permit irrespective of overlap of statutory remedies).

Accordingly, in the interest of "preserving the full remedy of § 1981," *Caldwell v. National Brewing Co.,* 443 F.2d at 1046, the court holds that plaintiffs are not precluded from asserting claims under section 1981 based on the same facts that support their claims under Title VII. Defendants' motion to dismiss count II of the second amended complaint therefore is denied.

5. Plaintiff's motion to compel compliance with first request for production of documents (docket # 156) is GRANTED. The court notes that a similar motion was granted in *Milord v. Caulkins Indiantown Citrus Co.,* case no. 86–8259–Civ–NCR, and that the defendants agreed to produce documents relevant to both the *Milord* action and this one. Not presented in the motion before Judge Roettger nor covered by his order, however, are plaintiffs' request for personnel files and the so-called "Brown reports," which were prepared by a consultant who surveyed defendants' employment practices. The motion with respect to these items is therefore granted.

6. Plaintiff's motion to consolidate this action with *Milord, see* ¶ 5 supra, is DENIED.

7. Plaintiff's motion *re* the scope of discovery was granted orally at the hearing on July 17, 1987. Discovery shall be open to any matter that is relevant and not privileged as defined by Fed.R.Civ.Proc. 26(b)(1). Thus, all depositions, including those to be taken by plaintiffs, are open to full merits discovery, including liability and mitigation of damages.

With respect to the depositions that defendants are currently taking of plaintiffs, defendants will not be required to proceed on the merits if they feel that the deponent is a good candidate for a motion to dismiss. Their good faith decision to stop at that point will not prejudice their right to further discovery in the event the court denies their motion to dismiss.

ORDERED FURTHER that this cause shall be set for trial in the spring of 1988 in West Palm Beach by separate order.