Grecia GONZALEZ, Plaintiff,

v.

PUBLIC HEALTH TRUST, d/b/a
Jackson Memorial Hospital,
Defendant.

No. 85–3545–CIV.

United States District Court,
S.D. Florida,
Miami Division.

June 17, 1988.

Stephen A. Cahen, Miami, Fla., for plaintiff.

Lee Kraftchick, Robert Ginsburg, Dade Co. Atty., Miami, Fla., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HOEVELER, District Judge.

THIS CAUSE is before the court on plaintiff's motion to reconsider this court's ruling of October 23, 1987, and the defendant's renewed motion for summary judgment. For reasons set forth below, both motions will be denied.

### BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff alleges principally that defendant discriminated against her by failing to promote her in her job from a position as medical technician III ("MT III") to a position as medical technician IV ("MT IV") because of her national origin (Cuban). The court ruled on October 23, 1987, that plaintiff was barred from showing any evidence of discriminatory acts by the defendant prior to her filing her complaint against this defendant in a prior case, *Gonzalez v. Public Health Trust*, case no. 84–0832–CIV–KEHOE. Plaintiff moves this court to reconsider that ruling.

Defendant has brought a renewed motion for summary judgment. As a basis, defendant argues that plaintiff's § 1981 and § 1983 claims are based on the same facts as her Title VII claims, and that Title VII is therefore her exclusive remedy. Defendant also moves for summary judgment on the § 1981 and § 1983 claims because plaintiff has failed to show a custom or policy of discrimination by the defendant. Argument was heard by the court on both of the present motions on December 17, 1987.

### DISCUSSION

■ Regarding plaintiff's motion, the court has examined the memoranda of counsel and heard argument in the matter, and concludes that its prior order was correct. Therefore, the court finds that the plaintiff is estopped from producing evidence of discrimination prior to her filing her complaint in the case tried before Judge Kehoe.

■ Regarding defendant's motion for summary judgment, the court turns first to the issue of the exclusivity of Title VII remedies in civil rights actions. This court was faced with the same issue in a case decided recently, to which opinion the court refers the parties for a more detailed explanation of the present ruling. In brief, the court rejected the argument that a footnote from a Fifth Circuit Unit A decision is binding on this court. *Robinson v. Caulkins Indiantown Citrus Co.*, 685 F.Supp. 233 (S.D.Fla.1988), *citing Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982) (Unit A). The court found that the case law indicated that Title VII was not an exclusive remedy requiring a plaintiff to allege facts independent of a Title VII claim to maintain a § 1981 claim. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (remedies available under Title VII and § 1981 are separate, distinct, and independent); *Sanders v. Dobbs Houses, Inc.*, 431 F.2d 1097 (5th Cir.1970) (Title VII held not to preempt § 1981). The court readopts its ruling in *Robinson* and denies defendant's motion for summary judgment on the grounds of the exclusivity of Title VII remedies.

■ Regarding the issue of § 1981 liability, the court finds that a municipality cannot be held liable for the acts of its employees without proof of a discriminatory custom or policy. This was the holding of the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), with reference to § 1983. A number of courts have held that § 1981 and § 1983 are different with respect to the issue of municipality liability on the basis of *respondeat superior. See*

*Mitchell v. Keith*, 752 F.2d 385 (9th Cir. 1985); *Springer v. Seaman*, 821 F.2d 871 (1st Cir.1987); *Haugabrook v. City of Chicago*, 545 F.Supp. 276 (N.D.Ill.1982). One court of appeals has held that the legislative histories of § 1981 and § 1983 are not sufficiently different to hold municipalities subject to liability for the acts of their employees under one and not the other. *Jett v. Dallas Independent School Dist.*, 798 F.2d 748 (5th Cir.1986). Neither the Supreme Court nor the Eleventh Circuit has decided this issue. The court, therefore, will adopt the holding of *Jett*, which seems to be the better view. Nothing in the legislative histories, nor in the language of the statutes themselves, shows that they should give different results on the issue of municipality liability.

A further reason for denying municipality liability is the court's view that the civil rights statutes are essentially punitive in nature. The court therefore is hesitant to expand liability under these statutes beyond the wrongdoer itself, i.e. an employer in this situation. Such an expansion would not have the desired effect of punishing the wrongdoer to prevent further constitutional abuses, but would make the innocent employer the guarantor of the actions of its employees. The better approach is to punish the employer only for its own wrongdoing, i.e. if it has a custom or policy of discriminating. This appears to be the result of *Monell* with respect to § 1983 cases, and the court finds the result should be the same in § 1981 cases. Therefore, the defendant here shall not be liable under either § 1981 or § 1983 unless plaintiff establishes that it was defendant's custom or policy to discriminate on the basis of Cuban origin.

Having determined the legal parameters for a finding of liability against the defendant in this case as regards respondeat superior, the court will turn to the issue of whether summary judgment is appropriate in defendant's favor at the present time. Summary judgment is appropriate where there is no genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Moreover, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the present case, defendant has offered affidavits and documentary evidence that it does not have a custom or practice of national origin discrimination. *See* Affidavit of D. Curry, Memorandum in Support of Defendant's Supplemental Motion for Summary Judgment (November 10, 1986). On the present state of the record, therefore, the court, following *Celotex*, would find that summary judgment is appropriate, in that plaintiff has failed to establish by other evidence that the defendant had a discriminatory custom or policy. However, since the court is ruling today for the first time that a custom or policy is necessary to the § 1981 claim, the court will deny summary judgment without prejudice to defendant to renew if the plaintiff does not come forward with evidence, in the form of affidavits, documents, or deposition testimony, within the next twenty days, to establish that the defendant had a custom or policy to discriminate. Therefore, it is

ORDERED AND ADJUDGED that plaintiff's motion for reconsideration is DENIED; defendant's motion for summary judgment is DENIED without prejudice to renew if the plaintiff does not establish by evidence within the next 20 days the defendant's discriminatory custom or policy.